**STATE of Indiana, Medical Licensing Board of Indiana, Appellants–Respondents,**

v.

**Simon TRUEBLOOD, M.D., Appellee–Petitioner.**

No. 45A04–0106–CV–253.

Court of Appeals of Indiana.

May 15, 2002.

Steve Carter, Attorney General of Indiana, Georgeanna Orlich, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellants.

Ross Hubbell, Gary, IN, Attorney for Appellee.

**OPINION**

KIRSCH, Judge.

The Medical Licensing Board of Indiana ("Board") and the State of Indiana (collectively "the State") bring this consolidated interlocutory appeal following the trial court's issuance of two stay orders, one that stayed the Board's decision to suspend the medical license of Simon Trueblood, M.D., and the other that stayed the

Board's subsequent decision to revoke Trueblood's medical license. The State raises five issues; however, we find dispositive one of Trueblood's issues: whether a trial court's stay of an order of an administrative agency constitutes a preliminary injunction entitling a party to an interlocutory appeal as a matter of right under Ind. Appellate Rule 14(A)(5).

We conclude that it does not; therefore, we dismiss.

## FACTS AND PROCEDURAL HISTORY

Pursuant to the State's petition, the Board summarily suspended Trueblood's license to practice medicine for ninety days pending final hearing. Trueblood sought judicial review of this non-final agency action. He also filed with the trial court a petition to stay the summary suspension. Following a hearing, the trial court granted the petition and issued a stay order, effective until the Board had an opportunity to conduct a full evidentiary hearing on the suspension matter. The State subsequently initiated an interlocutory appeal to this court.

Shortly thereafter, the Board revoked Trueblood's medical license. Trueblood filed with the trial court a petition to stay the Board's revocation order, which the trial court granted, thereby staying the revocation of Trueblood's license. The State filed a second interlocutory appeal.

Pursuant to the State's motion, this court consolidated the two appeals, resulting in that which we now consider.

## DISCUSSION AND DECISION

The State contends that its interlocutory appeal of the trial court's stay orders is properly before this court as a matter of right under App. R. 14(A)(5), which provides in pertinent part:

Appeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal with the trial court clerk within thirty (30) days of the entry of the interlocutory order:

(5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction[.]

Trueblood challenges the jurisdiction of this court, arguing that the orders from which the State appeals are stays, not preliminary injunctions, and, consequently, the orders are not appealable as a matter of right under App. R. 14(A)(5). He maintains that because the State's appeal was not perfected under App. R. 14(B), we have no jurisdiction to decide the appeal. We agree with Trueblood.

We acknowledge that similarities exist between stays and preliminary injunctions. For instance, both are legal mechanisms that serve to maintain the status quo during the pendency of a lawsuit. *See* 4 WILLIAM F. HARVEY, INDIANA PRACTICE § 65.1 (2d ed.1991) (general purpose of preliminary injunction is to preserve status quo until merits of case can be heard); *Medical Licensing Bd. of Indiana v. Provisor*, 678 N.E.2d 814, 820 (Ind.Ct.App.1997) (stay pending judicial review is in nature of equitable remedy since it preserves status quo to avoid undue hardship). Despite this likeness, a stay and a preliminary injunction are not legal equivalents.

As an initial matter, the two are created pursuant to separate authority. Here, the trial court's orders were issued not under the parameters of Ind. Trial Rule 65 (containing procedural rules for issuance of preliminary injunctions) or IC 34–26 (providing general bases for issuance of injunctive relief), but under the narrow authority of IC 4–21.5–5–9, which permits issuance of interim stay orders in the context of judicial review of agency action:

(a) If a petition for judicial review concerns a matter other than an assessment or determination of tax due or claimed to be due the state, and the law concerning the agency whose order is being reviewed does not preclude a stay of the order by the court, the person seeking the review may seek, by filing a verified petition, an order of the court staying the action of the agency pending decision by the court. The court may enter an order staying the agency order pending a final determination if:

(1) the court finds that the petition for review and the petition for a stay order show a reasonable probability that the order or determination appealed from is invalid or illegal; and

(2) a bond is filed that is conditioned upon the due prosecution of the proceeding for review and that the petitioner will pay all court costs and abide by the order of the agency if it is not set aside. The bond must be in the amount and with the surety approved by the court. However, the amount of the bond must be at least five hundred dollars ($500).

(b) If a petition for review concerns a revocation or suspension of a license and the law governing the agency permits a staying of the action of the agency by court order pending judicial review, any stay ordered under subsection (a) is effective during the period of the review and any appeal from the review and until the review is finally determined, unless otherwise ordered by the court granting the stay. If the stay is granted as provided in this section and the determination of the agency is approved on final determination, the revocation or suspension of the license immediately becomes effective.

Further, the operation and effect of the two remedies is different. To stay means to stop, arrest, forbear; to stay an order means to hold it in abeyance or refrain from enforcing it. BLACK'S LAW DICTIONARY 734 (5th ed.1983). *See also Scales v. Hospitality House of Bedford,* 593 N.E.2d 1283, 1285 (Ind.Ct.App.1992), *trans. denied* (essence of IC 4–21.5–5–9 is inaction). In contrast, an injunction generally operates to prohibit or mandate conduct by a party. *See* 43 C.J.S. *Injunctions* § 1–2 (1978) (injunction is judicial order whereby person is required to do, or refrain from doing, certain acts). The present stay orders did not mandate or prohibit conduct by either Trueblood or the Board, but rather temporarily prevented enforcement of the Board's decisions to suspend and later revoke Trueblood's medical license. The orders thus maintained the status quo and permitted Trueblood to practice medicine until the agency's decision was judicially reviewed. *See Provisor,* 678 N.E.2d at 815 (pursuant to physician's petition, trial court stayed Board's suspension of physician's medical license, permitting her to continue practicing medicine pending judicial review of suspension order).

Here, the Board maintains that because the stay orders "suspended the action of the Board and preserved the status quo in the manner of a preliminary injunction" and "effectively operated as a preliminary injunction," its appeal under App. R. 14(A)(5) is appropriate. *Appellants' Reply Brief* at 1, 4. In support of their position, the Board cites *Scales,* which recognized a stay as "a suspension of the case or some designated proceeding within it. It is a kind of injunction with which a court freezes its proceedings at a particular point." *Scales,* 593 N.E.2d at 1286. Although this excerpt from *Scales* might appear to blur the distinction between an injunction and a stay, an examination of *Scales* confirms the difference.

In *Scales,* a long-term medical care facility ("Hospitality") sought an increase in its

Medicaid reimbursement from the Department of Public Welfare ("Department"). The Department denied the request, and Hospitality sought an administrative appeal of the decision. The administrative law judge ("ALJ") determined that the rate of reimbursement was inadequate and ordered the Department to adjust its reimbursement. The Department appealed the ALJ's decision to the Board of Public Welfare, who reversed and found that Hospitality was adequately reimbursed. Hospitality sought judicial review of the Board's decision in the trial court. It also sought a stay of the Board's decision pending the trial court's decision on its petition for judicial review. The trial court issued a "stay," pursuant to IC 4–21.5–5–9, that ordered the Department to reimburse Hospitality at its requested rate pending the outcome of the petition for judicial review.

On appeal, the Department asserted, among other things, that the "stay" was really an inappropriate mandatory preliminary injunction. After examining the trial court's "stay," which ordered the Department to reimburse Hospitality at the recalculated rate pending a final ruling in the case, this court concluded that the trial court's order was more properly characterized as a mandatory preliminary injunction. We drew the distinction:

> The trial court has not stopped any action of the Board and has not preserved the status quo between the parties as it existed before the Board's decision. Rather, the trial court altered the status quo and mandated discretionary action by the Department. This action was no order freezing the proceedings until the merits of the appeal were decided; it

was not, in the words of the statute, "an order ... staying the action of the agency pending decision by the court."

*Scales,* 593 N.E.2d at 1286. Unlike the "stay" order in *Scales,* the trial court's orders in this case did not prohibit or mandate conduct, but instead acted only to abate the agency's suspension and revocation decisions pending judicial review.

We thus conclude that the trial court's stay orders were appealable only under App. R. 14(B), which permits discretionary interlocutory appeals if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal.[1] Here, the State neither sought nor obtained the required trial court certification and acceptance of appellate jurisdiction.

Appeal dismissed.

SULLIVAN, J., and ROBB, J., concur.

---

1. *But see Provisor,* 678 N.E.2d at 822 (after trial court denied Board's motion to dissolve stay, Board appealed under former App. R. 4(B) that provided for interlocutory appeals as of right from orders overruling motions to dissolve preliminary injunctions, and appellate court approved appeal as timely).