## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 08 2020, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

APPELLANT PRO SE

Everett Powell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Everett Powell,

*Appellant-Petitioner,*

v.

Indiana Real Estate Commission,

*Appellee-Respondent*

May 8, 2020

Court of Appeals Case No.
19A-MI-1568

Appeal from the Marion Superior Court

The Honorable Heather Welch, Judge

Trial Court Cause No.
49D01-1903-MI-9674

**Baker, Judge.**

[1] Everett Powell was an attorney who had faced professional discipline before he applied for a real estate license in 2015. He provided the Indiana Real Estate Commission (IREC) with some, but not all, details about the attorney disciplinary proceedings, and IREC agreed to provide him with a real estate license. When Powell was disbarred in 2017, IREC learned the extent of the allegations against him and instituted disciplinary proceedings. Ultimately, IREC ordered that Powell's real estate license be suspended indefinitely and that he may not seek reinstatement for at least eighteen months. Powell sought judicial review of IREC's order and sought a preliminary injunction of the suspension of his real estate license pending the judicial review process. The trial court denied the motion for a preliminary injunction and Powell now appeals. We affirm and remand for further proceedings.

# Facts

[2] On September 29, 2011, our Supreme Court suspended Powell from the practice of law for 120 days without automatic reinstatement after he collected an unreasonable and exploitative fee from a vulnerable client. In 2012, 2013, and 2014, respectively, Powell filed petitions for reinstatement of his attorney license. Our Supreme Court denied the first two petitions for similar reasons: forging signatures, filing false affidavits, asking a former client to commit perjury, and converting client funds for his own use. The Disciplinary Commission moved to withdraw the third petition, which our Supreme Court granted.

[3]     On February 17, 2015, Powell filed an application for a real estate broker license. The application required him to disclose if he had ever received a complaint and/or disciplinary action regarding a professional license; he was also required to "explain fully in a signed statement, including all related details . . . . Court documents should be included, if applicable." Appellant's App. Vol. II p. 59. Powell stated that he had, and attached a signed statement explaining the 2011 disciplinary action and the opinion imposing the law license discipline. He did not, however, include any information or court documents regarding the petitions for reinstatement or the denials thereof. On March 4, 2015, Powell appeared before IREC and answered questions about the 2011 disciplinary action, again refraining from mentioning what had happened in the ensuing years. Following the hearing, IREC issued Powell a real estate broker license.

[4]     On April 27, 2015, the Attorney Disciplinary Commission filed a new complaint against Powell, alleging that he, among other things, practiced law while suspended, forged signatures of clients and an attorney, filed a false affidavit with our Supreme Court, stole $5,000 from a client, and asked his former client to sign a false affidavit stating that he had paid her restitution of $15,000 when he had not actually done so. On June 14, 2017, Powell was disbarred. *In re Powell*, 76 N.E.3d 130 (Ind. 2017).

On February 27, 2018, the State filed a petition with IREC seeking the suspension of Powell's real estate license based on the law license discipline.[1] On November 14, 2018, a three-member administrative law judge (ALJ) panel held an administrative hearing. On December 5, 2018, the ALJ Panel issued an order suspending Powell's real estate broker license indefinitely, without the right to petition for reinstatement for at least eighteen months. Powell objected to the ALJ Panel's order.

On March 8, 2019, Powell filed an emergency petition for judicial review and an emergency motion to stay the ALJ Panel's order. IREC moved to dismiss the petition; the trial court granted the motion to dismiss because the Panel's order was preliminary and, in the meantime, IREC had initiated final proceedings on the merits. Powell appealed the trial court's order. On February 11, 2019, this Court dismissed the appeal "so that the pending administrative proceedings . . . may be concluded and all administrative remedies exhausted." *Powell v. Ind. Real Estate Comm'n*, No. 19A-MI-1 (Feb. 11, 2019 Order). The dismissal was without prejudice and this Court noted that if the IREC's final ruling was adverse to Powell, he could initiate judicial review by timely filing a petition in the trial court.

---

[1] On March 13, 2018, IREC summarily suspended Powell's license for 90 days pending the administrative proceedings. Powell sought judicial review of that temporary suspension and the trial court granted Powell's request to stay the temporary suspension pending IREC's final decision.

[7] On March 26, 2019, IREC issued its final agency order. It adopted the ALJ Panel's recommendation, finding that (1) Powell was disbarred, in part, for fraudulent or deceptive behavior; and (2) Powell behaved fraudulently or deceptively in the process of applying for the real estate license. IREC imposed the sanction recommended by the ALJ Panel.

[8] On April 3, 2019, Powell filed a new emergency petition for judicial review and for a stay, temporary restraining order, and injunction of IREC's final order. IREC objected to Powell's requested relief. The trial court held a hearing on May 29, 2019. It issued two orders on June 10, 2019: in one, it denied the motion for a temporary restraining order and preliminary injunction; and in the other, it denied Powell's petition for a stay of IREC's final order. He now appeals both orders.[2]

---

[2] A trial court's grant of a stay under the Administrative Orders and Procedures Act is not an order granting injunctive relief that is immediately appealable as of right. *State v. Trueblood*, 767 N.E.2d 1011, 1013-14 (Ind. Ct. App. 2002). The same must necessarily be true for the *denial* of a stay of an administrative agency's order. In such situations, the would-be appellant must successfully navigate the certification-and-acceptance procedure outlined in Indiana Appellate Rule 14(B). Here, Powell failed to do so. As such, we do not have jurisdiction to consider the appeal of the trial court's order denying a stay.

But Appellate Rule 14(A) specifically notes that an order refusing to grant a preliminary injunction is appealable of right. We do not necessarily disagree with the State's argument that in this case, the denial of a preliminary injunction is essentially identical to the denial of the stay. *See id.* at 1013 (noting that to "stay an order means to hold it in abeyance or refrain from enforcing it" while, in contrast, "an injunction generally operates to prohibit or mandate conduct by a party"). But we are unable to ignore the plain language of Appellate Rule 14(A). Therefore, we are compelled to consider the order denying Powell's request for a preliminary injunction.

# Discussion and Decision

Powell makes a number of arguments on appeal, but what we are squarely faced with determining is whether the trial court erred by denying Powell's request for a preliminary junction. The grant or denial of a preliminary injunction is within the trial court's sound discretion. *Reilly v. Daly*, 666 N.E.2d 439, 443 (Ind. Ct. App. 1996). In conducting our review, we will consider the evidence in the light most favorable to the judgment and will construe the findings together liberally in favor of the judgment. *Barlow v. Sipes*, 744 N.E.2d 1, 5 (Ind. Ct. App. 2001).

The party seeking injunctive relief is required to show, by a preponderance of the evidence, that the facts and circumstances entitle him to injunctive relief. *Id.* There are four factors to consider when weighing a preliminary injunction:

> 1) whether the plaintiff's remedies at law are inadequate, thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; 2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; 3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; and 4) whether, by the grant of the preliminary injunction, the public interest would be disserved.

*Id.* Injunctive relief should only be granted in the rare instances in which the law and the facts are clearly within the moving party's favor. *Id.*

[11]   In his motion seeking an injunction, Powell argued that an equitable remedy

was warranted for the following reasons:

- Powell will not be "able to pay his obligations as they come due because the agency stripped [him] of his source of income." Appellant's App. Vol. IV p. 170.
- The license suspension "will cause trade secrets to be disclosed to individuals that are in a business relationship with [Powell]. Trade secrets will be divulged to [Powell's] competition and will cause detriment [to Powell]."[3] *Id.* at 171.
- Powell "is missing opportunities to support himself and save for his retirement[.]" *Id.*
- His clients will not wait for his license to be reinstated and will find other brokers.
- His name, reputation, and good will are irreparably harmed.[4]
- IREC is immune from liability and, therefore, "cannot legally be ordered to replace the income and goodwill [Powell] will lose from the suspension." *Id.*

A party that suffers "mere economic injury is not entitled to injunctive relief

because an award of post-trial damages is sufficient to make the party whole."

*Barlow*, 744 N.E.2d at 6.  Furthermore, "harm to professional reputation is not

---

[3] To establish a protectable trade secret, the plaintiff must show that it is "(1) information, (2) which derives independent economic value, (3) is not generally known, or readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and (4) the subject of efforts reasonable under the circumstances to maintain its secrecy." *U.S. Land Servs., Inc. v. U.S. Surveyor, Inc.*, 826 N.E.2d 49, 63 (Ind. Ct. App. 2005).  Powell has not even attempted to make this required showing, explain what "trade secrets" he is seeking to protect, or explain how the suspension of his license would cause "trade secrets" to be revealed to his competitors.  Consequently, this argument is waived.

[4] There is no evidence in the record showing that Powell had a good reputation, especially considering that he is a disbarred attorney, which is a matter of public record.

the kind of irreparable injury that forms the basis for equitable relief." *Thompson v. Med. Licensing Bd.*, 180 Ind. App. 333, 342, 389 N.E.2d 43, 49 (Ind. Ct. App. 1979). More specifically, "[b]ad publicity generated by revocation of a license is not deemed to be the type of irreparable injury contemplated, and injunctions have been almost uniformly denied to professionals seeking to stop license revocation hearings because of damage to their reputation." *Id.*

[12] None of the harms listed by Powell, therefore, are the kind of irreparable injury that would support a request for equitable relief. All that we are left with is his argument that IREC is immune from liability and, therefore, he could not be compensated as a remedy at law. Powell directs our attention to *Orndorff v. Bureau of Motor Vehicles*, 982 N.E.2d 312 (Ind. Ct. App. 2012), which he argues stands for the proposition that the government is required to "explain how, if the other party prevailed at trial, the government would compensate that party for their economic loss." Reply Br. p. 8. That, however, is a misstatement of the holding of that case. In *Orndorff*, in considering whether the plaintiff, whose driver's license had been suspended for ten years, had an adequate remedy at law, this Court observed that the government had failed "to explain how, if Orndorff prevails at trial, monetary damages will compensate her if her family loses its housing or if the children are unable to attend their new school due to lack of transportation." *Orndorff*, 982 N.E.2d at 325. In other words, this Court found that the plaintiff's harms were not merely economic and could not be adequately addressed with monetary compensation.

Here, on the other hand, Powell's damages are merely economic. He has not directed our attention to any caselaw requiring that the government show *how* a monetary damages award would be paid. Instead, as the plaintiff, *he* is required to prove that he has sustained something beyond mere economic injury. He has not carried that burden. As such, this factor weighs in favor of the State.

### Likelihood of Success at Trial

To meet his burden on this factor, Powell is not required to show that he is entitled to relief as a matter of law, but only that success on the merits is probable. *Bowling v. Nicholson*, 51 N.E.3d 439, 444 (Ind. Ct. App. 2016). In other words, Powell must show that it is probable that IREC's order will be overturned.

Judicial review of administrative decisions is limited and is "confined largely to the agency record." *Ind. Real Estate Comm'n v. Martin*, 836 N.E.2d 311, 313 (Ind. Ct. App. 2005). The reviewing court will not reweigh the evidence and must review the record in the light most favorable to the administrative proceedings. *Id.* The agency's decision should be reversed only if it is:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to a constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence.

*Id.*[5]

[16] In its final order, IREC reached two relevant conclusions:

- Powell violated Indiana Code section 25-1-11-5(a)(7) because he was permanently disbarred on grounds similar to (1) Indiana Code section 25-1-11-5(a)(1)(A), which authorizes sanctions against a practitioner who engages in fraud or material deception to obtain a license to practice; and/or (2) Indiana Code section 25-1-11-5(a)(1)(B), which authorizes sanctions against a practitioner who engages in fraud in the course of providing professional services.
- Powell violated Indiana Code section 25-1-11-5(a)(1)(A) because he engaged in fraud to obtain a real estate license. This conclusion was based on Powell's failure to disclose all relevant details of the attorney disciplinary actions when he first applied for his real estate license in 2015.

What we must determine, therefore, is whether the trial court erred by finding that Powell did not show that he was likely to succeed on the merits of his claim that IREC's order is invalid.

[17] An agency's decision is arbitrary and capricious when it is made without consideration of the facts and lacks any basis that may lead a reasonable person to make the decision made by the administrative agency. *Id.* at 313.

---

[5] Powell argues that the trial court erred by deferring to IREC on pure questions of law. Initially, we note that we are not convinced that the trial court did, indeed, defer to the agency to an impermissible degree. But in any event, we need not address this issue as we are firmly convinced that the trial court would have reached the same (correct) result even if it had not purportedly deferred to IREC on questions of law.

[18] Indiana Code section 25-1-11-5(a)(7) provides that a practitioner—here, Powell—is subject to disciplinary sanctions if he has had disciplinary action taken against him on grounds "similar to" those under this chapter. And in that same section, the legislature has decreed that a practitioner may be subject to sanctions if he "engaged in . . . fraud or material deception in order to obtain a license to practice" or "engaged in fraud or material deception in the course of professional services or activities[.]" I.C. § 25-1-11-5(a)(1)(A), -5(a)(1)(B). Here, it is undisputed that Powell was disciplined by the Attorney Disciplinary Commission—and ultimately disbarred—for, among other things, forging signatures and filing a false affidavit with our Supreme Court, in an attempt to get his attorney license reinstated. This conduct is patently "similar to," if not identical to, the conduct set forth in these statutes.

[19] Moreover, when Powell first applied for his real estate license in 2015, while he disclosed that he had previously faced disciplinary sanctions as an attorney in 2011, he wholly failed to disclose the events that had occurred since that time. Specifically, he failed to disclose that in the years following 2011, he had tried—more than once—to get his attorney license reinstated. In the process, he forged signatures, filed a false affidavit with our Supreme Court, stole $5,000 from a client, and asked a client to sign a false affidavit stating that he had paid her restitution of $15,000 when he had not, in fact, done so. He also failed to disclose that our Supreme Court had denied his petitions for reinstatement. Because the denials of his petitions, as well as the reasons for doing so, are clearly and directly related to his attorney discipline, a reasonable person could

easily conclude that these failures to disclose amounted to Powell engaging in fraud or deception in order to obtain his real estate license.

[20]  We have little difficulty concluding that this record supports IREC's decision to discipline Powell.  Nothing here supports Powell's argument that the decision was arbitrary, capricious, or contrary to law.  Likewise, to the extent that Powell makes a broad and unsupported statement that IREC's order is not supported by substantial evidence, appellant's br. p. 23, we cannot agree given the undisputed evidence in the record.

[21]  Powell directs our attention to Indiana Code section 25-1-11-16, which requires IREC to "seek to achieve consistency in the application of sanctions authorized in this chapter."  Here, Powell submitted documentation of other cases that, according to Powell, show that the sanctions ordered in this case are a significant departure from IREC's prior decisions.  But in the three[6] other cases considered by IREC, none of the individuals had failed to disclose misconduct

---

[6] Powell submitted documentation of three cases to the ALJs before the Panel issued its decision.  *After* the Panel issued its decision, Powell submitted documentation of an additional twenty-eight cases.  But IREC's decision to review this additional evidence, which was not provided to the ALJs in a timely fashion, was discretionary.  Ind. Code § 4-21.5-3-28(e)(3) (providing that the "ultimate authority," here, IREC, *may* "hear additional evidence" not presented to the ALJ).  Nothing in this record suggests that IREC erred in this regard.

in their real estate license applications.  Consequently, we cannot find that the sanctions imposed on Powell fall under Indiana Code section 25-1- 11-16.[7], [8]

[22]    Next, Powell contends that the doctrine of laches would result in the invalidation of IREC's final order.  Laches requires "'(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party.'"  *Orndorff*, 982 N.E.2d at 320 (quoting *SMDfund, Inc. v. Fort Wayne-Allen Cty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005)). Powell has not established an inexcusable delay.  IREC did not discover the full extent of Powell's misconduct until he was disbarred in 2017.  The State filed a petition to suspend his real estate license less than a year later.  A seven-month delay is insufficient for laches to apply.  *See Ind. Real Estate Comm'n v. Ackman*, 766 N.E.2d 1269, 1274 (Ind. Ct. App. 2002) (laches did not apply where IREC filed the complaint one year after discovering the violation).  Consequently, the doctrine of laches would not result in the invalidation of IREC's order.

---

[7] Powell makes a similar argument that IREC's order violates the Equal Protection Clause based on the way it has dealt with other licensees.  Powell has waived this argument because he failed to raise it before the trial court.  Furthermore, Powell has not, and cannot, show that he has been intentionally treated differently from others similarly situated or that there is no rational basis for the difference in treatment.  *Chi. Studio Rental, Inc. v. Ill. Dep't of Commerce*, 940 F.3d 971, 979 (7th Cir. 2019).  Therefore, he is not likely to succeed with this argument.

[8] Powell seems to argue that IREC imposed a harsher sanction than that recommended by the ALJ Panel. He is mistaken.  The ALJ Panel indefinitely suspended his license without a right to petition for reinstatement for at least eighteen months.  IREC imposed precisely the same sanction.  The fact that IREC found that Powell committed only two violations, as opposed to the three violations found by the ALJ Panel, is not relevant.

[23]     Next, Powell argues that the doctrine of res judicata bars IREC's decision because the matter was decided in 2015 when IREC granted him a license. Initially, we note that IREC's decision suspending Powell's license was not, and could not have been, determined in 2015. Powell did not have a real estate license before that time, so IREC could not possibly have considered suspending it. Furthermore, in 2015, IREC did not know that Powell had been dishonest in his application. Under these circumstances, res judicata would offer no relief to Powell.[9]

[24]     Next, Powell argues that IREC did not have jurisdiction over his case because after IREC suspended his license for ninety days after the disciplinary proceeding was begun, the trial court stayed the suspension pending the administrative proceedings. But the act of issuing a stay did not prevent IREC from considering the case and issuing a final order; instead, it merely stayed the suspension pending that final review. Indeed, the stay order itself specifically stated that Powell was to "abide by the order of the IREC if it is not later set aside." Appellant's App. Vol. II p. 125. Consequently, IREC's order would not be overturned on this basis.

[25]     Finally, Powell argues that he would succeed on the merits because IREC failed to abide by two required procedures. First, he argues that he was entitled to a

---

[9] Powell also seems to argue that IREC's order violated the ex post facto clause in the State and federal constitutions. That clause relates to *criminal* punishment. It also relates to *laws*—Powell is not challenging a law; he is challenging an agency decision. Therefore, he would not be entitled to relief on this basis.

change of ALJ. Second, he insists that he made a discovery request that should have been granted.

[26] With respect to his requested change of ALJ, while a party to an administrative proceeding may file a petition for disqualification of a judge, the party must offer facts showing that the ALJ is biased. I.C. § 4-21.5-3-9(d). Powell asserts that the ALJ Panel had already formed an opinion about him because it had considered his case in the proceeding leading to his first, dismissed, appeal. But that is pure conjecture and falls far short of a showing that the ALJs were biased against him. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that an adjudicator is not biased simply because of knowledge gained in another proceeding involving the same individual).

[27] With respect to his supposed discovery request, Powell states that the "ALJ Panel sua sponte quashed Powell's discovery request." Appellant's Br. p. 36. But there is simply nothing in the record showing that Powell made a discovery request or that the ALJ Panel denied it. Therefore, we cannot find that he is likely to succeed on the merits based on this argument.

[28] In sum, we find that the trial court did not err by concluding that Powell failed to establish a likelihood that he will succeed on the merits. This factor weighs in favor of the State.

### Threatened Injury to Plaintiff Versus Threatened Harm of Injunction

[29] The threatened injury to Powell is undeniable—his real estate license is suspended indefinitely, and, for at least eighteen months, he will have to find

another source of income. But if an injunction were issued preventing IREC's order from going into effect, it would undermine the public's confidence in IREC's ability to protect them from licensees who have a history of dishonesty, fraud, and theft. This factor does not favor either party.

### *Public Interest*

[30] The public interest strongly weighs in favor of the State. Powell has a history of dishonest, fraudulent behavior and of stealing from clients. Given the seriousness of the situation and the vulnerability of the public, it is clearly in the public interest that his real estate license remain suspended during the judicial review proceedings.

[31] In sum, three of the four preliminary injunction factors weigh in favor of the State, and the fourth is evenly balanced. Under these circumstances, we find that the trial court did not err by denying Powell's request for a preliminary injunction.

[32] The judgment of the trial court is affirmed and remanded for further proceedings.

Bradford, C.J., and Pyle, J., concur.