## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 30 2020, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Everett Powell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Everett Powell,

*Appellant-Petitioner,*

v.

Indiana Real Estate Commission,

*Appellee-Respondent*

June 30, 2020

Court of Appeals Case No.
19A-MI-1568

Appeal from the Marion Superior Court

The Honorable Heather Welch, Judge

Trial Court Cause No.
49D01-1903-MI-9674

**Baker, Judge.**

Everett Powell has filed a petition for rehearing. We grant it for the limited purpose of addressing his arguments that we were mistaken in several respects in our decision. First, he argues that we mistakenly stated that he stole $5,000 from a client. As he must surely be aware, we were not wrong. *See In re Powell*, 76 N.E.3d 130, 132 (Ind. 2017) (noting that the hearing officer found that during Powell's suspension from the practice of law, he "misappropriated $5,000 from another client").

Second, he argues that we mistakenly noted that he did not provide all details about his attorney disciplinary proceedings in his real estate broker application, contending that this is a disputed issue of fact that is improper for us to resolve. He is wrong. It is *undisputed* that, in his broker application, he disclosed the 2011 disciplinary action but failed to disclose any information or court documents regarding the petitions for reinstatement or the denials thereof.

Third, he notes that we stated that the Disciplinary Commission sought to withdraw the third reinstatement petition. In this case, he is correct that we misspoke and should have said that *Powell* moved to withdraw that petition.

Fourth, he states that we were incorrect that he failed to raise his equal protection argument before the trial court. He directs our attention to his petition for judicial review, which includes a lone sentence, unsupported by citation to authority, that "[t]o selectively prosecute Petitioner is a violation of his equal protection rights." Appellant's App. Vol. II p. 54. This is insufficient to preserve the issue for appellate review.

Fifth, he notes that we found no support in the record for his contention that the administrative law judge (ALJ) had quashed his request for production of documents. He is correct that there is, indeed, an order in the record in that regard.[1] We note, briefly, that the ALJ quashed the discovery request for the following reasons: (1) the request for copies of over ten years of real estate broker and real estate managing broker applications was overly broad and unduly burdensome; and (2) the request was made of a non-party, which is governed by Trial Rule 34(C), and Powell did not comply with the requirements of that rule. Appellee's App. Vol. III p. 242-43. The ALJ's order noted that the quashing of the document request did "not mean that with a *proper* request, [Powell] may not be entitled to production of certain documents nor does it limit his ability to seek access to public records[.]" *Id.* at 243 (emphasis added). Powell did not establish a likelihood of success on the merits with his argument that this order was improper. Therefore, while we acknowledge the error in our decision with respect to this order, the result does not change.

Sixth, Powell argues that we should have framed our decision in terms of a grant of summary judgment rather than the denial of his petition for a preliminary injunction. We confess our confusion, as the proceedings below

---

[1] In Powell's briefs, his only citation to the record in support of this argument was to his own pleadings. Appellant's Br. p. 36; Reply Br. p. 19.

were *not* summary judgment proceedings.[2] We decline to amend our decision in this regard.

[7] Aside from what we have addressed herein, we deny Powell's petition for rehearing.

Bradford, C.J., and Pyle, J., concur.

---

[2] We think, perhaps, that Powell has mistaken the summary *suspension* of his license for a summary judgment.